**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

JOHN R. SMITH                                                                                          PLAINTIFF

V.                                                                                        NO. 4:16-CV-85-DMB-SAA

EARNEST LEE, ET AL.                                                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on the pro se prisoner complaint of John R. Smith, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the Court notes that Smith was incarcerated when he filed this suit. Smith has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of law causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Smith alleges that the defendants took money from his commissary account without due process of law and refused to return it. For the reasons below, the instant case will be dismissed for failure to state a claim upon which relief can be granted.

**I.       Factual Allegations**

On August 10, 2015, while housed at the Central Mississippi Correctional Facility ("CMCF"), Smith ordered $99.40 worth of commissary items. The money for the merchandise was deducted from his prison trust account on September 1, 2015. On August 10, 2015, however, Smith was transferred from CMCF to the Mississippi State Penitentiary, and never received the commissary items he ordered. Though he asked for a refund of his money, he has never received one.

## II. Taking of Property Without Due Process of Law

Smith may not proceed with his case in this federal court because he has an adequate remedy at law in state court. The random and unauthorized deprivation of a prisoner's property by a state employee does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986). This rule, the *Paratt/Hudson* doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas Cnty., Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see Hudson*, 486 U.S. at 533; *White v. Epps*, 411 F. App'x 731, 732 (5th Cir. 2011). Thus, the initial question as to Smith's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government or its employees would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"). As for suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: …
>
>> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed[.]

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies Smith may have under state law. However, Smith's remedy for the taking of property arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state

2

statute. *Pickering v. Langston Law Firm, P.A.*, 88 So.3d 1269, 1288 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17, of the Constitution of the State of Mississippi. *Bishop v. Reagans*, No. 4:11cv63-LRA, 2012 WL 1804623, at *2 (S.D. Miss. May 17, 2012) (citing *Johnson v. King*, 85 So.3d 307 (Miss. Ct. App. 2012)). Article 3, Section 17, of the Mississippi Constitution states:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

Miss. Const. Art. 3, § 17.

The circumstances in *Johnson* are legally indistinguishable from those in the instant case. The prison officials in *Johnson* confiscated Johnson's drinking mug, offering only to ship it to Johnson's home, even though Johnson was serving a life sentence. *Johnson*, 85 So.3d at 311–12. Johnson had purchased the mug from the canteen with his own money. *Id*. The mug as purchased was not considered contraband, and Johnson had not modified the mug in such a way to turn it into contraband. *Id*. The Mississippi Court of Appeals held that, under such circumstances, the taking of Johnson's mug violated the Mississippi Constitution, as it constituted "an unlawful taking for public use without just compensation," and that prison officials had to either replace the mug or compensate Johnson for its value. *Id*. at 312. Those facts mirror the facts in the present case. As such, in this case, Smith has an adequate remedy under state law, and his claims for the taking of his property without due process of law must be dismissed.

### III.    Conclusion

For the reasons set forth above, Smith's complaint [1] will be **DISMISSED** for failure to state a claim upon which relief could be granted and, accordingly, his motion to proceed in forma

3

pauperis [2] is **DENIED** as moot.  A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED**, this 17th day of June, 2016.

                                         **/s/ Debra M. Brown**
                                         **UNITED STATES DISTRICT JUDGE**